## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5388 | **DATE** | 11/15/2004 |
| **CASE TITLE** | Bender, et al. Vs. Radosevich, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order dismissing the case for want of jurisdiction. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 16 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/15/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

| | | |
|---|---|---|
| DANIEL BENDER and<br>COVENANT MINISTRY,<br><br>        Plaintiffs,<br><br>vs.<br><br>JOHN G. RADOSEVICH, PEGGY J.<br>WICKLINE, WILLIAM G. SCHWARTZ,<br>ROBERT BURNS, STEVE ODUM,<br>MATTHEW WICKLINE, EDWARD J.<br>HELLER, RICHARD L. BLAKE, and<br>LARRY W. REINHARDT,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04 C 5388 |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiffs Daniel Bender and Covenant Ministry by Rev. James R. McCulloch sue defendants John G. Radosevich, Peggy J. Wickline, William G. Schwartz, Robert Burns, Steve Odum, Matthew Wickline, Edward J. Heller, Richard L. Blake, and Larry W. Reinhardt for conspiracy to deprive Plaintiffs of their constitutional rights and for interference with their lawful exercise of property rights. Defendant John G. Schwartz is a judge of the Circuit Court in the First Judicial Circuit of Jackson County, Illinois. Defendant Larry W. Reinhardt is apparently Recorder and Clerk of Jackson County.[1] Jurisdiction is claimed

---

[1] The complaint alleges nothing specific about Mr. Reinhardt. His status as a county recorder is evidenced only by exhibits to the complaint which are copies of instruments filed in the Jackson County Recorder's Office.

under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1367, 1331, 1343, 2201, 2202, and 1651. Although a motion to transfer has been filed on behalf of one defendant, the docket of this court does not reflect service on any of the defendants.

Plaintiffs brought a forcible entry and detainer action in the Jackson County Circuit Court (the "Forcible Action") in which they sought to establish their rights to ownership and possession of two parcels of real estate commonly known as 618 and 620 Graham Avenue in Carbondale, Illinois (the "Graham Avenue Properties"). Judge Schwartz presided over the Forcible Action. On August 11, 2004, he dismissed the action for plaintiffs' failure to present evidence and entered an order enjoining plaintiffs and parties acting with them from entering the subject premises and from interfering with, or attempting to obtain rents from, the parties in actual possession of the real estate, as well as from seeking to file any documents that would cloud title to the premises.

While the plaintiffs lace their complaint liberally with references to the Constitution and the federal statutes mentioned above, the gravamen of their action is that they want this court to declare the judgment, the preliminary injunction, and other rulings entered in the Forcible Action void. Plaintiffs allege, among other things, that the state court acted improperly by holding the trial in the Forcible Action after the statutory period for such trial

had expired, by not giving plaintiffs an opportunity to be heard at the trial, by denying another lay minister of the Covenant Ministry the right to intervene in the proceedings and striking his notice of appeal, by granting the right to intervene to Mr. Wickline, and by depriving plaintiffs of property rights, all pursuant to a conspiracy, the details of which are not stated, and by entering a preliminary injunction against them.

The relief plaintiffs request includes a permanent injunction restraining defendants from interfering with plaintiffs' possessory interests in the Graham Avenue Properties; an injunction against defendants Burns and Odum from (1) enforcing any order relating to the August 11, 2004 judgment in the Forcible Action (including a preliminary injunction entered against Mr. Bender and others), (2) restraining defendants from removing plaintiffs or their personal property from the Graham Avenue properties, and (3) restraining defendants from arresting plaintiffs for violating any order or judgment entered in said action; a declaratory judgment that the August 11, 2004 judgment is void; a declaratory judgment that the practices of defendants have violated plaintiffs' constitutional rights; trial by jury; and compensatory and punitive damages.

On August 27, 2004 I entered an order requiring plaintiffs to file a memorandum showing why the court had jurisdiction of the asserted claims, or to file an amended complaint that would satisfy

jurisdictional requirements. On September 13, 2004 Judge Schwartz filed a motion under 28 U.S.C. § 1404 for a change of venue to the Southern District of Illinois. On September 27, 2004, I set a briefing schedule requiring plaintiffs to respond to the transfer motion by October 15, 2004. On September 30, 2004, I entered an order granting Mr. Bender an extension of time until October 12, 2004 to respond to my order of August 27, 2004. To date, neither plaintiff has responded to my August 27, 2004 order or to Judge Schwartz's transfer motion.

This court does not have the authority to grant plaintiffs the relief they seek. *Schmitt v. Schmitt*, 324 F.3d 484 (7th Cir. 2003), which arose out of a divorce case, explains why. The plaintiff in *Schmitt* asked the district court to overturn rulings of both an Illinois trial court and the Illinois Appellate Court on due process grounds. He claimed that he had not been properly served with process. The district court dismissed the complaint for lack of jurisdiction, and the Seventh Circuit affirmed the dismissal on the basis of the *Rooker-Feldman* doctrine which holds that,

> . . . [i]f a federal plaintiff claims injury at the hands of a state court, due to its decision in a civil case, federal district courts have no jurisdiction to hear the case; and the only appeal is to the [United States] Supreme Court after a final judgment by the highest state court.

*Schmitt*, 324 F.3d at 486, quoting from *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996). As in *Schmitt, supra*, none of the very

4

limited exceptions to the *Rooker-Feldman* doctrine is applicable to the case at bar.

The complaint is dismissed for want of jurisdiction.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 15, 2004